# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
### No. 15-557V
### Filed: September 15, 2015
Unpublished

```
* * * * * * * * * * * * * * * * * * * * * * * * * *
JOHN EMERSON,                        *
                                     *
            Petitioner,              *      Ruling on Entitlement; Concession;
                                     *      Influenza ("Flu") Vaccine;
                                     *      Shoulder Injury Related to Vaccine
SECRETARY OF HEALTH                  *      Administration ("SIRVA"); Special
AND HUMAN SERVICES,                  *      Processing Unit ("SPU")
                                     *
            Respondent.              *
                                     *
* * * * * * * * * * * * * * * * * * * * * * * * * *
```

*Ronald Homer, Conway, Homer & Chin-Caplan, Boston, MA, for petitioner.*
*Christine Becer, U.S. Department of Justice, Washington, DC, for respondent.*

## RULING ON ENTITLEMENT[1]

**Vowell**, Special Master:

On June 1, 2015, John Emerson filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*,[2] [the "Vaccine Act" or "Program"]. Petitioner alleges that as a result of an influenza ["flu"] vaccination on October 11, 2013, he suffered a shoulder injury related to vaccine administration ["SIRVA']. Petition at 1. The case was assigned to the Special Processing Unit of the Office of Special Masters.

On September 14, 2015, respondent filed her Rule 4(c) report in which she concedes that petitioner is entitled to compensation in this case. Respondent's Rule 4(c) Report at 1, 3. Specifically, respondent indicates that she has determined that petitioner's injury is "consistent with a shoulder injury related to vaccine administration ('SIRVA')." *Id.* at 1. Respondent "concluded that the injury to petitioner's left shoulder

---

[1] Because this unpublished ruling contains a reasoned explanation for the action in this case, I intend to post it on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, § 205, 116 Stat. 2899, 2913 (codified as amended at 44 U.S.C. § 3501 note (2006)). In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

was caused-in-fact by the administration of his October 11, 2013, flu vaccine . . . and not due to factors unrelated to the administration of the flu vaccine." *Id.* at 3. Respondent further indicates that "the statutory six month sequela requirement has been satisfied." *Id*.

**In view of respondent's concession and the evidence before me, I find that petitioner is entitled to compensation.**

**IT IS SO ORDERED.**

<u>**s/Denise K. Vowell**</u>
Denise K. Vowell
Special Master